TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00593-CV






Appellant, Danny Davis // Cross-Appellant, Sysco Food Services of Austin, L.P.


v.


Appellee, Sysco Food Services of Austin, L.P. // Cross-Appellee, Danny Davis







FROM TRAVIS COUNTY COURT AT LAW NO. 1

NO. C-1-CV-03-271634, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING





D I S S E N T I N G O P I N I O N


 Because I would hold that the partial-performance exception to the statute of frauds
does not apply to this case, and therefore that Davis's alleged oral agreement to assume the
Dam View equipment debt is unenforceable, I respectfully dissent.

 The partial-performance exception applies only when "failure to enforce the
contract would result in a 'virtual fraud.'" Hill v. Heritage Res., Inc., 964 S.W.2d 89, 135
(Tex. App.--El Paso 1997, pet. denied). To qualify for the partial-performance exception, the acts
of performance by the party seeking to enforce the agreement "must be unequivocally referable to
the agreement and corroborative of the fact that a contract actually was made." Wiley v. Bertelsen,
770 S.W.2d 878, 882 (Tex. App.--Texarkana 1989, no writ). Furthermore, the acts of performance
"must be such as could have been done with no other design than to fulfill the particular agreement
sought to be enforced; otherwise, they do not tend to prove the existence of the parol agreement
relied upon by the plaintiff." Exxon Corp. v. Breezevale Ltd., 82 S.W.3d 429, 439-440
(Tex. App.--Dallas 2002, no pet.).

 Here, Sysco's actions in declining to repossess the Dam View equipment are not
unequivocally referable to the agreement Sysco is seeking to enforce. Rather, they are equally
referable to the agreement alleged by Davis--an agreement that he would pay $1,000 per month
simply to prevent repossession of the equipment, as opposed to an agreement to assume the entire
amount of the debt. (1) Therefore, Sysco's actions are not such that they "could have been done with
no other design than to fulfill" an agreement with Davis that he would assume the entire amount
of the debt and, as a result, do not tend to prove the existence of such an agreement. Exxon,
82 S.W.3d at 439-440; see also Wiley, 770 S.W.2d at 882 ("What is done must itself supply the key
to what is promised."). 

 Similarly, Sysco's actions are not unequivocally referable to an agreement that Davis
would purchase the equipment, as they can be fully explained in the context of an agreement with
Davis to simply postpone repossession of the equipment. See Wiley, 770 S.W.2d at 882 (holding that
rendition of services in return for monthly salary does not qualify as partial performance of ten-year
employment agreement "because the services were fully explained by the salary without supposing
any additional consideration"). 

 Based on the foregoing, I would hold that the partial-performance exception to the
statute of frauds is inapplicable and that the agreement is unenforceable. See Tex. Bus. & Com.
Code Ann. § 26.01 (West 2009). I would reverse that portion of the trial court's judgment
awarding Sysco the amount of the Dam View equipment debt, and would remand the award of
attorney's fees for a redetermination of the appropriate fee amount in light of that holding.



 ___________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed: December 4, 2009

1. Sysco representative Jeff Maurer testified that during his conversation with Davis regarding
the equipment, Davis agreed to "be responsible for that equipment to not have it taken away." 
(Emphasis added.) Maurer further testified that he did not recall ever speaking with Davis again
about the equipment after that conversation.